IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOROTHY AND LAWRENCE DUNNING**                                                                **PLAINTIFFS**

**V.**                                                 **CIVIL ACTION NO. 1:14cv123-KS-MTP**

**STATE OF MISSISSIPPI, STATE OF
MINNESOTA, HENNEPIN COUNTY HUMAN
SERVICES AND HEALTH DEPARTMENT**                              **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Defendant State of Mississippi's Motion to Dismiss. (*See* Document Number "[9]".) Having considered the motion, the record, and the applicable law, the Court finds that the motion should be granted and that the State of Mississippi should be dismissed without prejudice from this action. The Court further finds that the Plaintiffs Dorothy Dunning and Lawrence Dunning should be required to show good cause for their failure to properly serve the Defendants State of Minnesota and Hennepin County Human Services and Health Department within 120 days of the filing of the Complaint [1].

## Relevant Background

On March 11, 2014, Plaintiffs, proceeding *pro se*, filed this action against the State of Mississippi, the State of Minnesota, and the Hennepin County Human Services and Health Department (the "County") of Minnesota. (*See* Compl. [1].) Plaintiffs allege several violations of their federal rights in connection with custody and adoption proceedings, taking place in Minnesota, that purportedly prevented the Plaintiffs from legally adopting and caring "for their biological 'bloodline' grandchildren." (Compl. [1] at p. 1.) Plaintiffs assert that their grandchildren, P.U.K. and D.F.K., became wards of the

State of Minnesota after they were born with crack cocaine in their systems. Further, Plaintiffs allege that the State of Minnesota sought to place P.U.K. and D.F.K. "in the temporary 'foster' care of a white family . . . without consideration of the 'African-American' biological 'bloodline grandparents or other bloodline relative,' who lived in Mississippi . . . ." (Compl. [1] at p. 2.) Plaintiffs claim discrimination under Title VI of the Civil Rights Act of 1964[1] and contend their rights under the Due Process Clause of the Fourteenth Amendment were violated as a result of the County performing an evaluation to seek maternal family members interested in the custody of P.U.K. and D.F.K. without performing an evaluation on the biological, paternal side of P.U.K. and D.F.K. Plaintiffs also claim a deprivation of rights under 42 U.S.C. § 1983 based on the State of Mississippi's purported negligence in providing untimely information to the State of Minnesota in relation to the Plaintiffs' efforts to obtain custody of P.U.K. and D.F.K. It is not clear if the Plaintiffs seek damages or injunctive relief. Plaintiffs request that the Court review the evidence at issue in the custody and adoption proceedings and "address the illegal means of coercion and corruption" that resulted in the placement of "P.U.K. and D.F.K. with people other than 'qualified' bloodline 'paternal' relatives." (Compl. [1] at p. 4.)

      The State of Mississippi (the "State") has moved for the dismissal of the Plaintiffs' claims on the grounds of improper service and sovereign immunity. The State alternatively argues that the Plaintiffs' claims are barred under the *Rooker-Feldman*

---

[1] This law prohibits recipients of federal funds from discriminating on the basis of race, color, or national origin. *See* 42 U.S.C. § 2000d.

doctrine.[2] The Plaintiffs have failed to respond to the State's Motion to Dismiss and the time for their response has expired. Furthermore, neither the State of Minnesota nor the County has answered the Complaint or otherwise entered an appearance in this cause.

## The State's Motion to Dismiss [9]

The State argues that Dorothy Dunning's attempt at service through certified mail was improper. This argument is well taken. The record in this case includes a Summons issued as to the State of Mississippi with the Proof of Service section indicating that Dorothy Dunning served the Summons via certified mail. (*See* Doc. No. [8].) Neither the Federal Rules of Civil Procedure nor the Mississippi Rules of Civil Procedure authorize "a party" to serve a summons and complaint. *See* Fed. R. Civ. P. 4(c)(2); Miss. R. Civ. P. 4(c)(1).[3] Service of process on an in-state defendant by way of certified mail is also improper. *See Stapley v. Miss. Attorney Gen.*, No. 1:08cv340, 2009 WL 2840513, at *1-2 (S.D. Miss. Aug. 28, 2009); *Triple "C" Transp., Inc. v. Dickens*, 870 So. 2d 1195, 1198-99 (¶ 21) (Miss. 2004). The Plaintiffs' *pro se* status does not preclude them from having to comply with the procedural rules for service. *See, e.g., Shabazz v. City of Houston*, 515 Fed. Appx. 263, 264 (5th Cir. 2013); *Sys.*

---

[2] This doctrine takes its name from two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), and precludes a party that lost in state court from seeking review of the state judgment in federal district court. *See Skinner v. Switzer*, 562 U.S. 521, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011).

[3] Under Federal Rule of Civil Procedure 4(e), a person may be served in accordance with the law of the state where the district court sits or where service is made.

*Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Stapley*, 2009 WL 2840513, at *2. The State's actual notice of the lawsuit also fails to excuse the Plaintiffs' noncompliance. *See Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (finding that improper service is not cured by the defendant's actual notice of the complaint). Therefore, dismissal for insufficient service of process is required under Federal Rule of Civil Procedure 12(b)(5).

The State's argument that it is entitled to sovereign immunity by operation of the Eleventh Amendment of the United States Constitution is also well taken.[4] "The Eleventh Amendment codified the sovereign immunity of the several states." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997)). This grant of immunity prohibits a private citizen from suing his state or any other state in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted). However, the Eleventh Amendment is inoperable where a "state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore*, 743 F.3d at 963 (citations omitted).

The State of Mississippi has not expressly waived its immunity from suit in federal court. To the contrary, Mississippi explicitly preserved its sovereign immunity as to federal litigation when it promulgated the Mississippi Tort Claims Act. *See McGarry*

---

[4] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

*v. Univ. of Miss. Med. Ctr.*, 355 Fed. Appx. 853, 856 (5th Cir. 2009) (citing Miss. Code Ann. § 11-46-5(4), which states that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment"). There has also been no Congressional abrogation of the State's sovereign immunity with respect to the Plaintiffs' § 1983 and due process claims.[5] *See Raj*, 714 F.3d at 328 n.2 (affirming the dismissal of discrimination claims expressly brought under § 1983, as well as alleged due process violations asserted under the Fifth and Fourteenth Amendments); *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) ("Congress has not expressly waived sovereign immunity for § 1983 suits.") (citations omitted). Therefore, the Eleventh Amendment bars the Plaintiffs from proceeding any further against the State in this federal forum.

The preceding determinations obviate any need to decide the State's alternative request for dismissal pursuant to the *Rooker-Feldman* doctrine. In any event, the ambiguous nature of the relief requested by the Plaintiffs weighs against any sound analysis of the doctrine. It is not clear whether the Plaintiffs are directly challenging the Minnesota state court proceedings resulting in P.U.K. and D.F.K. being placed in the custody of others, or whether the Plaintiffs are filing independent claims arising from those proceedings. *See Skinner*, 113 S. Ct. at 1297-98.

### Service of Process as to the State of Minnesota and the County

The State's briefing in support of its Motion to Dismiss notes that the defense of improper service is also available to the County and the State of Minnesota. The

---

[5] The Complaint is devoid of any well-pleaded facts leading to the plausible conclusion that the State violated the Plaintiffs' rights under 42 U.S.C. § 2000d.

Summonses returned executed for these Defendants also indicate that Dorothy Dunning attempted to effect service of process through the United States mail. (*See* Doc. Nos. [6], [7].) The Minnesota Rules of Civil Procedure, like the Federal and Mississippi Rules, preclude a party from serving process. *See Stransky v. Indep. Sch. Dist.*, 439 N.W.2d 408, 410 (Minn. Ct. App. 1989) ("Minn.R.Civ.P. 4.02 prohibits service by a party to the action."). However, the Court is not in a position to dismiss the County or the State of Minnesota based on insufficient service of process under Rule 12(b)(5) given the absence of any motion to dismiss filed by either of these Defendants.

The Court, nonetheless, finds Federal Rule of Civil Procedure 4(m) applicable under the preceding circumstances. The Rule states in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion *or on its own after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) applies whether service is nonexistent or merely defective. *See Hawkins v. Potter*, 234 Fed. Appx. 188, 190 (5th Cir. 2007). The Rule's 120-day deadline for service applies here since 127 days passed between the filing of the Complaint [1] on March 11, 2014 and Dorothy Dunning's procedurally ineffective attempt at service on July 16, 2014. (*See* Doc. Nos. [6], [7].) Moreover, "[i]n the absence of valid service of process, proceedings against a party are void." *Minor v. Punch*, 838 F.2d 1407, 1410 (5th Cir. 1988) (quoting *Aetna Bus. Credit v. Universal Decor*, 635 F.2d 434 (5th Cir. 1981)). The Court will therefore dismiss the Plaintiffs' claims against the County and the State of Minnesota unless the Plaintiffs show good cause for their failure to effectively serve these Defendants with process

within 120 days of the filing of the Complaint.

## Conclusion

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that the Defendant State of Mississippi's Motion to Dismiss [9] is granted and the Plaintiffs' claims against the State of Mississippi are dismissed without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that within twenty-one (21) days of the entry of this Order, the Plaintiffs shall file a written statement with the Court showing good cause for their failure to effect service of process on the Defendants State of Minnesota and Hennepin County Human Services and Health Department within the 120 days following the filing of the Complaint. **The Plaintiffs are cautioned that their failure to show good cause or otherwise respond to this Order will result in the dismissal without prejudice of their claims against the Defendants State of Minnesota and Hennepin County Human Services and Health Department without any further notice**.

The Clerk of Court is directed to mail the Plaintiffs a copy of this Order at the address reflected on the docket.

SO ORDERED AND ADJUDGED this the 22nd day of April, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE